UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEANDRE WALTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CV-00396-ACL |
| STATE OF MISSOURI, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff DeAndre Walton's motion for leave to proceed in forma pauperis in this civil action. The Court has reviewed the motion and the inmate account statement provided in support, and will grant the motion and assess an initial partial filing fee of $12.54. Additionally, the Court will dismiss this action without prejudice, and will deny as moot Plaintiff's remaining pending motions.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. District courts "shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of" the average monthly deposits to the prisoner's account, or the average monthly balance in the prisoner's account for the prior six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the instant motion, Plaintiff filed an inmate account statement that shows an average monthly balance of $18.86, and an average monthly deposit of $62.75. The Court therefore assesses an initial partial filing fee of $12.54, which is twenty percent of Plaintiff's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). *See also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts

alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even complaints filed by self-represented persons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, and are not required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### Related State Proceedings

Plaintiff is a pretrial detainee at the St. Louis City Justice Center (also "Justice Center"). Review of public records on Missouri Case.net shows he is currently charged with two counts of First-Degree Murder, two counts of Armed Criminal Action, and one count of Unlawful Possession of a Firearm in the matter *State v. Walton,* No. 2222-CR00369-01 (22nd Jud. Cir. 2022). Plaintiff is represented by Special Public Defender Gregory Smith, and the State is represented by Assistant Circuit Attorney Adam A. Field. At present, a jury trial is scheduled to begin on June 24, 2024.

This Court takes judicial notice of the Missouri State Court record before it, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records).

3

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the State of Missouri, St. Louis City Circuit Attorney Gabriel E. Gore, and Assistant Circuit Attorney Adam A. Field. Plaintiff sues Gore and Field in their official capacities. He alleges as follows.

Plaintiff was "falsely arrest[ed]" and charged with first degree murder, even though the shooting was justified. (ECF No. 1 at 3). "[T]he police" engaged in misconduct when they omitted certain facts in a report. *Id.* "Adam Field is falsely charging the plaintiff," and has "shown countless acts of misconduct towards the plaintiff to wrongfully charge him with little or no evidence showing murder in the 1st . . .". *Id.* at 3-4. Plaintiff's defense counsel, Gregory Smith, gave privileged material to Field.

Attached to the complaint is a copy of what appears to be correspondence Plaintiff sent to the Missouri Bar to complain that Smith revealed privileged information. Plaintiff also complained that information was missing from his file. Plaintiff states that Smith and Field are conspiring against him. (ECF No. 1-1). Plaintiff seeks monetary relief.

After filing the complaint, Plaintiff filed two documents titled "Motion of Prosecution Misconduct." (ECF Nos. 5 and 6). In the documents, Plaintiff elaborates upon the claims asserted against Field in the complaint, and in the second motion, he asks the Court to "dismiss Adam Field as prosecutor." (ECF No. 6 at 1). In both motions, Plaintiff claims Field is violating his constitutional rights by admitting false evidence from the police, "rubber stamp[ing]" an indictment, "showing a show of power over the courts by intentionally inflicting emotional distress and negligently prosecuting" him, not disclosing exculpatory evidence, demonstrating dishonesty, and other wrongdoing associated with initiating the prosecution and representing the

4

State of Missouri. (ECF No. 5). Plaintiff also claims that police made errors when questioning him, apparently in March of 2022.

Finally, Plaintiff filed a supplemental document in which he avers that the "Attorney for the State" falsely informed the court that he was on supervised release, and falsely stated that he "was in video footage." (ECF No. 7).

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court first addresses Plaintiff's claims against the State of Missouri. The State of Missouri is not a "person" for purposes of a 42 U.S.C. § 1983 claim for money damages, which is what Plaintiff is seeking. Plaintiff is therefore missing an essential element of a § 1983 action.

Additionally, the Eleventh Amendment would bar Plaintiff's suit against the State of Missouri. *See Williams v. State of Mo.*, 973 F.2d 599, 600 (8th Cir. 1992) (citation omitted) (stating that the Eleventh Amendment bars suits against a State by citizens of that same State in federal court.) "This bar exists whether the relief sought is legal or equitable." *Id.* (quoting *Papasan*, 478 U.S. at 276). There are two "well-established exceptions" to Eleventh Amendment immunity: (1) where Congress has statutorily abrogated such immunity by clear and unmistakable language; and (2) when a state waives its immunity to suit in federal court. *Barnes v. State of Missouri*, 960 F.2d 63, 64-65 (8th Cir. 1992).

In this case, the first exception does not apply because the Supreme Court has determined that § 1983 does not abrogate a state's Eleventh Amendment immunity from suit in federal court. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 67 (1989). The second exception does not apply because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity is in effect, and providing exceptions).

The Court now addresses Plaintiff's official capacity claims against Field and Gore. Plaintiff identifies Field and Gore as employees of the St. Louis City Circuit Attorney's Office, and states he sues them in their official capacities. A claim against a public official in his official capacity is merely another way of pleading an action directly against the public entity itself. *Hafer v. Melo,* 502 U.S. 21, 25 (1991). The Court therefore interprets Plaintiff's official capacity claims against Field and Gore as seeking to impose liability upon the City of St. Louis.

Plaintiff's claims fail because his allegations do not establish that Field or Gore committed any constitutional violation pursuant to an official City custom, policy, or practice. *See Monell,* 436 U.S. at 690–92 (describing a municipal liability claim). To the extent Plaintiff can be understood to seek to impose liability upon the Office of the Circuit Attorney, such claims fail because the Office of the Circuit Attorney is not a legal entity amenable to suit under 42 U.S.C. § 1983. *See Stockley v. Joyce,* 2018 WL 4300323, at *3 (E.D. Mo. Sept. 10, 2018) (citing cases).

Even if Plaintiff had sued Field and Gore in their individual capacities, his claims would fail. Clearly, Plaintiff's claims against Field are based on actions he took while initiating and pursuing a criminal prosecution, and representing the State of Missouri, in *State v. Walton*. Field would be absolutely immune from such claims. *See Imbler v. Pachtman,* 424 U.S. 409, 430–31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions taken while

6

initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same).  Allegations of improper motive would not save Plaintiff's claims.  *See Imbler*, 424 U.S. at 427-28 (there is no fraud exception to prosecutorial immunity); *see also Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (a prosecutor is immune from suit even if he knowingly presents false, misleading, or perjured testimony, or withholds or suppresses exculpatory evidence).

Plaintiff does not explain the basis of his claims against Gore.  In fact, except for listing Gore as a defendant in this case, Plaintiff does not mention him.  Merely listing Gore's name as a defendant is insufficient to support a claim against him.  *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (noting that court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption)).  Instead, to state a § 1983 claim against a defendant, the plaintiff must allege that defendant "was personally involved in or had direct responsibility for incidents that" resulted in injury.  *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).  To the extent Plaintiff can be understood to sue Gore for actions he took while initiating and pursuing a criminal prosecution and representing the State of Missouri in *State v. Walton*, such claims would be subject to dismissal for the reasons explained above.

Finally, to the extent Plaintiff can be understood to sue his criminal attorney Gregory Smith for alleged misconduct while serving as his defense counsel in *State v. Walton*, such claims fail.  The complaint and the attached and supplemental materials contain no allegations that Smith engaged in misconduct that fell outside the scope of the traditional functions of

7

counsel. As noted above, one of the elements of a valid § 1983 claim is that the alleged deprivation was committed by a person acting under color of state law. *West,* 487 U.S. at 48. Criminal defense attorneys, whether appointed or retained, do not act under color of state law when performing traditional functions as counsel. *Polk County v. Dodson,* 454 U.S. 312 (1981) (a public defender does not act under color of state law when performing traditional functions as counsel); *Dunn v. Hackworth,* 628 F.2d 1111, 1112 (8th Cir. 1980) ("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim."). Consequently, Plaintiff could not state a valid § 1983 claim against Smith.

For the foregoing reasons, the Court concludes that Plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). This is not a situation in which leave to amend should be given. Plaintiff is sufficiently clear about the claims he wishes to bring, and the Court can envision no amendment to the complaint that would cause it to state a valid claim for relief. The Court will therefore dismiss this case at this time pursuant to 28 U.S.C. § 1915(e)(2)(B), and will deny as moot Plaintiff's motions asserting prosecutorial misconduct.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $12.54. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's motions titled "Motion of Prosecution Misconduct" (ECF Nos. 5 and 6) are **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of June, 2024.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE